IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY BAYLOR, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | NO.  11-6413 |
|     Respondents. | : | |

<u>MEMORANDUM OPINION</u>

LINDA K. CARACAPPA                                                                          January 29, 2015
UNITED STATE MAGISTRATE JUDGE

        Presently before this court is the Motion for Summary Judgment filed by Defendant City of Philadelphia, and Plaintiff's Response.  For the following reasons, the motion is GRANTED.

I.       FACTS AND PROCEDURAL HISTORY

        This action arises out of an alleged assault on the plaintiff by defendants, Sheriff's Deputy Tarry and Sheriff's Deputy Pierce.  The following facts are viewed in the light most favorable to plaintiff.

        Plaintiff Troy Baylor is currently an inmate at State Correctional Institution Rockview, in Bellefonte, Pennsylvania.  (Compl. ¶ 1).  Defendants Deputy Pierce and Deputy Tarry were Deputy Sheriff with the Philadelphia Sheriff's Department.  (Compl. ¶ 3-4).

        On December 17, 2009, plaintiff was in a holding cell in the Criminal Justice Center, at 1301 Filbert Street, Philadelphia, PA 19107.  (Compl. ¶ 7).  While in the Criminal Justice Center's holding cell, plaintiff made numerous requests to use the bathroom.  (Compl. ¶ 8).  Defendant Deputy Pierce informed plaintiff that if plaintiff continued to yell, defendant Deputy Pierce was going to take plaintiff in the back and assault plaintiff.  (Compl. ¶ 9).

1

Plaintiff requested, for the fifth time, to use the restroom. (Compl. ¶ 10). Plaintiff was escorted from the cell and into another cell to use the restroom. (Compl. ¶ 11). Plaintiff was then taken into another cell in the back of the facility and savagely beaten by defendants Pierce and Tarry and two John Does. (Compl. ¶ 11-12). Plaintiff was then threatened not to tell or the defendants would tell the Judge the plaintiff threatened the defendants. (Compl. ¶ 13).

Plaintiff continues to experience back, neck and leg pain. (Compl. ¶ 14).

Defendant, the City of Philadelphia, has filed a motion for summary judgment.

II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Further, a material fact presents a "genuine" issue where a reasonable jury could return a verdict in favor of the non-moving party. Id. Accordingly, the court must inquire "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one sided that one party must, as a matter of law, prevail over the other." Id. at 243, 249.

The moving party bears the burden of showing that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-moving party must establish every essential element, thus, "a complete failure of proof concerning an essential element" establishes that the moving party is entitled to

judgment as a matter of law.  Id. at 323-24.  Once the moving party has satisfied its burden, Federal Rule of Civil Procedure 56(e) requires the non-moving party to establish that there is a genuine issue of material fact, whether through affidavits or other admissible evidence.  Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir.  1994).  The non-moving party "must set forth specific facts showing that there is a genuine issue for trial" and cannot rely on "mere allegation or denial."  Anderson, 477 U.S. at 256.  To determine whether a non-moving party has established that there is a genuine issue of material fact, the evidence presented must "be believed and all justifiable inferences are to be drawn in his favor."  Id. at 255.

III.    DISCUSSION

It is well established that a municipal entity is not liable under 42 U.S.C. §1983 on a vicarious liability or respondeat superior theory.  Monell v. Department of Social Servs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Municipalities are only liable for constitutional violations pursuant to § 1983 where the violation is caused by an official policy of that municipality and its policy makers acted with deliberate indifference.  Id.  The existence of a policy or custom for purposes of section 1983 liability can be established in one of two ways: (1) by showing that a "'decisionmaker possessing final authority to establish municipal policy with respect to the action issued an official statement of policy," Jimenez v. All American Rathskeller, 503 F.3d 247, 250 (3d Cir. 2007)(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)), or (2) by demonstrating that a "custom" exists "when, though not authorized by law, such 'practices of state officials [are] so permanent and well settled' that they operate as law."  Id. (quoting Monell, 436 U.S. at 690).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy" or unless the plaintiff

3

separately proves that the policy was unconstitutional.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).  "[A]bsent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed to have engaged in a constitutional violation by virtue of a policy, a custom, or a failure to train."  Simmons v. City of Philadelphia, 947 F.2d 1042, 1062-63 (3rd Cir.1991).  The plaintiff must show the defective policy or custom was the "moving force" behind the violation of the plaintiff's constitutional rights.  Monell, 436 U.S. at 694, 98 S.Ct. 2018.  A plaintiff may do this by establishing that alternatives for preventing this type of harm were known and available to policymakers and that the policymakers either deliberately chose not to pursue them or acquiesced in a longstanding policy or custom of inaction in this regard.  Simmons, 947 F.2d at 1064, 1074.

Plaintiff has failed to make any claims against defendant City of Philadelphia.  Plaintiff makes no assertions about defendant City of Philadelphia's practice or policies.  Further, plaintiff does not raise a single allegation against defendant City of Philadelphia.

Here, plaintiff bears the burden of setting forth specific facts showing that there is a genuine issue for trial.  Anderson, 477 U.S. at 256.  However, plaintiff adduces no facts or evidence supporting his claim.  Plaintiff makes no allegation that the City of Philadelphia has a defective policy or custom.  Accordingly, plaintiff has failed to meet his burden.

IV.   CONCLUSION

Based on the foregoing, we do not find any genuine issues of material fact as to Defendant City of Philadelphia.  We, therefore, grant Defendant City of Philadelphia's summary judgment motion.  This finding does not pertain to any other individual defendant.

An appropriate order follows.