IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY BAYLOR, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | NO. 11-6413 |
|     Respondents. | : | |

MEMORANDUM OPINION

LINDA K. CARACAPPA                                                                                                                        August 20, 2015
UNITED STATE MAGISTRATE JUDGE

I.     FACTS AND PROCEDURAL HISTORY

        On November 15, 2011, plaintiff Troy Baylor, an inmate at State Correctional Institution Bellefonte, in Bellefonte, PA, filed, *pro se*, the instant prisoner civil rights action pursuant to 42 U.S.C. §1983. In the complaint plaintiff named the City of Philadelphia, Deputy Pierce, Deputy Tarry, and John Doe and defendants.

        This action arises out of an alleged assault on the plaintiff by defendants, Sheriff's Deputy Tarry and Sheriff's Deputy Pierce. The following facts are viewed in the light most favorable to plaintiff.

        Plaintiff Troy Baylor is currently an inmate at State Correctional Institution Rockview, in Bellefonte, Pennsylvania. (Compl. ¶ 1). Defendants Deputy Pierce and Deputy Tarry were Deputy Sheriffs with the Philadelphia Sheriff's Department. (Compl. ¶ 3-4).

        On December 17, 2009, plaintiff was in a holding cell in the Criminal Justice Center, at 1301 Filbert Street, Philadelphia, PA 19107. (Compl. ¶ 7). While in the Criminal Justice Center's holding cell, plaintiff made numerous requests to use the bathroom. (Compl. ¶ 8). Defendant Deputy Pierce informed plaintiff that if plaintiff continued to yell, defendant

1

Deputy Pierce was going to take plaintiff in the back and assault plaintiff. (Compl. ¶ 9).

Plaintiff requested, for the fifth time, to use the restroom. (Compl. ¶ 10). Plaintiff was escorted from the cell and into another cell to use the restroom. (Compl. ¶ 11). Plaintiff was then taken into another cell in the back of the facility and savagely beaten by defendants Pierce and Tarry and two John Does. (Compl. ¶ 11-12). Plaintiff was then threatened not to tell or the defendants would tell the Judge the plaintiff threatened the defendants. (Compl. ¶ 13).

Plaintiff continues to experience back, neck and leg pain. (Compl. ¶ 14).

On January 29, 2015, the undersigned granted defendant City of Philadelphia's motion for summary judgment and dismissed all claims against said defendant. The court received a letter from counsel for the City of Philadelphia on February 9, 2015, advising the court that Deputies Tarry and Pierce were not identifiable and had not been served in the instant matter. On April 17, 2015, the undersigned ordered petitioner to respond to the representation that there are no identifiable individuals named as defendants, and no individuals were ever served as defendants, so as to permit continued prosecution of the case. On April 27, 2015 and June 23, 2015, plaintiff responded, by letter, to the court's April 17, 2015 order. Plaintiff asserted that Deputy Pierce exists and that Deputy Tarry's name was misspelled and is Deputy Terry.

II.     DISCUSSION

Petitioner has failed to effectuate service of the instant complaint upon defendants Deputy Pierce and Deputy Tarry (also identified at Deputy Terry). Deputy Pierce and Deputy Tarry have not been sufficiently identified by plaintiff.

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint

may be dismissed for insufficient service of process.  Fed.R.Civ.P. 12(b)(5).  Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within one hundred and twenty (120) days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  Fed.R.Civ.P. 4(m).

> The court finds that plaintiff has failed to properly effectuate service of process upon defendants Deputy Pierce and Deputy Tarry.  Plaintiff has failed to adequately identify said defendants and has failed to show good cause for the failure to serve Deputy Pierce and Deputy Terry within the appropriate 120 day period.  Plaintiff has failed to show good cause why plaintiff could not provide adequate identification of Deputy Pierce and Deputy Terry so that they could have been served with plaintiff's complaint under Rule 4(m).

> For the purposed of Rule 4(m), the Third Circuit Court of Appeals has "equated good cause with the concept of excusable neglect…, which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the ruled." Mathies v. Silver, 450 F. App's 219, 222 (3d Cir.2011)(quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995)).  In determining whether good cause exists, courts look to factors such as (1) the reasonableness of plaintiff's efforts to effectuate service, (2) any prejudice to the defendant which may result from the lack of timely service, and (3) whether the plaintiff moved for an enlargement of time to serve.  Id.  However, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  MCI Telecomms. Corp., 71 F.3d at 1097.

3

In the instant matter, plaintiff has made no effort to properly effectuate service on Deputy Pierce or Deputy Tarry for approximately three and one-half years, since the Marshalls Service returned the summons unexecuted at to Deputy Pierce and Deputy Tarry on March 7, 2012. For three and one-half years plaintiff did not seek an enlargement of time in order to make proper service, nor has plaintiff provided the court with any reason that plaintiff could not comply with the 120 day time limit for proper service. Although plaintiff did respond to this court's order to properly identify Deputy Pierce and Deputy Tarry, plaintiff simply states that Deputy Pierce is the proper defendant. Plaintiff further states that Deputy Tarry's name is actually Deputy Mike Terry, without providing any further identification of Deputy Terry, and without providing the court with any reason why plaintiff could not identify Deputy Terry within the 120 day time limit. Accordingly, plaintiff has not shown good cause for failing to effectuate service of process within the 120 day time period.

III. CONCLUSION

Thus, for all the reasons discussed, all claims against defendants Deputy Pierce and Tarry are hereby dismissed. There are no remaining defendants, thus, plaintiff's complaint is dismissed without prejudice in its entirety.

An appropriate order follows.